

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**ENTERED**
**09/03/2009**

| | | |
|---|---|---|
| IN RE: | § | |
| WAVE ENERGY, INC.; aka WAVE | § | CASE NO: 09-34577 |
| RESOURCES, INC. | § | |
| Debtor(s) | § | |
| | § | CHAPTER  7 |

<u>**MEMORANDUM OPINION**</u>
<u>**CONCERNING DENYIAL OF REQUEST FOR JURY TRIAL**</u>
<u>**(doc # 46)**</u>

On July 1, 2009, Rand Energy Company, Ropar III, LLC, Laurus Capital Partners LLC, Harvey Rosen, Ryan Lunch, Joseph Rosen, and John Lynch ("Petitioning Creditors") filed an involuntary petition commencing this case under chapter 7 of the Bankruptcy Code.  The Alleged Debtor was involved in the development of natural gas wells in Zapata County, Texas.

On July 24, 2009, Magnus (the purchaser of production from Alleged Debtor's gas wells) filed an adversary proceeding to interplead the proceeds of production.  Magnus alleged that

> Over the course of this year, Magnus has been served with three separate writs of garnishment filed by Defendants Rosen, REC and Baker Hughes, judgment creditors of Wave, and has been holding amounts otherwise payable to Wave under the gas purchase agreement as a result of each of those proceedings … Magnus has also received demand letters and other notices from the lessors of the property from which the gas is being produced, the De Garza Defendants, asserting security interests in proceeds from the sale of gas by [Alleged Debtor] under § 9.343 of the Texas Business and Commerce Code, as well as from Defendant FCI Swan, an owner of working interests in the De Garza wells … Magnus has also been advised that there are mineral contractor lien claimants respecting the DeGarza Wells, including Defendants Baker Hughes and Precision.

Since the filing of the adversary petition, the Court has entered a number of emergency, interim agreed orders providing for payment of royalties, lease operating expenses, and taxes to avoid termination of the leases or other default that might result in the loss of what appear to be Debtor's most valuable (and possibly only substantial) assets.  These orders involve substantially more than $1 million per month.  The proceeds due working interest owners is additional to those costs of production.  Although these essential costs of preservation of the assets are being paid, very substantial sums are being held by Magnus, without the security usually required for deposits of a bankruptcy debtor's cash.

On August 13, 2009, Wave Energy ("Alleged Debtor") filed an answer to the involuntary petition.  The answer admits that the Alleged Debtor is an entity against whom an order for relief in bankruptcy can be entered, but denies (i) that the petitioning creditors are eligible to file an involuntary petition and (ii) that the Alleged Debtor is not generally paying its debts as they become due.  The Answer includes a request for a jury trial.

Over the course of hearings in the adversary proceeding (especially on September 1) the parties have emphasized the problems and risks of operating gas wells while in the legal limbo between the filing of an involuntary petition and the determination of whether an order for relief will be entered.  The parties are unanimous that the risks and problems are substantial, and that delay may result in loss of a multimillion dollar asset, a loss for all concerned.

On August 28, as required by a prior Court order, the parties filed the required Rule 26 report for trial of the involuntary petition.  That report repeats the Alleged Debtor's demand for jury trial

For reasons set forth below, the Court concludes that (i) the bankruptcy court has authority to determine the right to jury trial, subject to appeal, withdrawal of the reference, and mandamus, (ii) Alleged Debtor does not have a constitutional right to a jury trial on the issues raised by an involuntary bankruptcy petition (*i.e.* 11 USC § 303 issues), and (iii).that the Court has discretion under the applicable statute (28 USC § 1411(b)) to exercise discretion in granting or not granting a jury trial, and (iv) proper exercise of discretion in this case is to deny a jury trial.

The Court reaches this determination concerning the proper exercise of discretion principally because of the emergency need for stability and protection of the gas wells which require constant maintenance and support.  The Court's schedule is entirely taken for months in advance, but the Court has rescheduled a number of matters to make September 15 and 16 available for trial of this involuntary petition.  Debtor has not consented to the bankruptcy court conducting a jury trial, but even if it had, it would be impossible to summon a jury and conduct a jury trial by September 15.  It would be difficult, if not impossible, to refer the matter to the district court and to provide a jury trial in that time.

## CONCLUSIONS OF LAW

The seventh amendment of the United States Constitution guarantees the right to trial by jury in matters at common law as that law existed in eighteenth century England, *Granfinanciera v. Nordberg* 492 US 33 (1989).[1]  Trial of the issues raised by an involuntary bankruptcy petition has always been considered a summary proceeding.  *In re McNaughton* 171 BR 65 (Bankr. WD Mo. 1994).  There is no constitutional right to jury trials in summary proceedings. *Granfinanciera* and, *Katchen v. Landy*, 382 US 323 (1966).

---

[1] Although not a holding of the case, footnote 3 of that opinion suggests, but does not hold, that the court has discretion with respect to whether to provide a jury trial on issues related to entry of an order for relief in an involuntary bankruptcy case.

The current statute, 28 USC § 1411(b), provides that the district court may order issues arising in the trial of an involuntary bankruptcy petition to be tried without a jury.

> [T]here is no statutory right to a jury trial in bankruptcy. This should be contrasted to law as it existed under the Bankruptcy Act of 1898 (the "Act"), as amended through 1973, 30 Stat. 544-66 (superseded by the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 et seq.). Under § 19 of the Act, persons against whom an involuntary petition had been filed were given the statutory right to a trial by jury. *In re Acolyte Elec. Corp. v. City of New York,* 69 B.R. 155, 181-82 (Bankr.E.D.N.Y.1986); *In re Tripplett,* 115 B.R. at 961. This is "no longer an issue under the 1978 statute." *Id.* at 181. [*McNaughton* at 66.]

*Collier on Bankruptcy, 15th Ed.* ¶ 303.20[4] opines:

> The better view is that jury trials on involuntary petitions are not a matter of right.  As a statutory argument (as distinguished from constitutionally based argument), there is no absolute right to a jury trial in resolving issues raised by an involuntary petition …

In general order 2005-6, the United States District Court for the Southern District of Texas referred to the bankruptcy judges of this district all bankruptcy cases filed under Title 11 and authorized bankruptcy judges to exercise the full authority allowed to them.  This includes all proceedings arising under the Bankruptcy Code or arising in the referred bankruptcy cases. An involuntary petition is a matter arising under the Bankruptcy Code and arising in a bankruptcy case.

> The ability of an alleged debtor to obtain a jury trial is in the discretion of the bankruptcy court. *See In re Drexler,* 39 B.R. at 20. While the statute provides no criteria to assist the bankruptcy court in its decision to grant a jury trial, *see* 28 U.S.C. § 1411(b), it is appropriate for the court to consider whether the issues on which a jury trial are requested are matters of law or involve credibility determinations.  [*McNaughton*, at 67.]

Rule 1013 of the Federal Rules of Bankruptcy Procedure (FRBP) requires a contested petition to be tried "at the earliest practicable time."  *See also In re Drexler* 39 BR 18, 20 which addresses an earlier advisory committee note to FRBP 9015.

## CONCLUSION

It appears to be undisputed that there are 7 petitioning creditors who hold final non-appealable judgments.  Judging from the agreed orders in the interpleader adversary proceeding, there is a substantial number of debts that are unpaid.  Therefore, it seems that the determination of the issues relating to the involuntary petition will be more legal than factual in character.

But far more important, no one has disputed that time is critical to maintenance of the value of assets of the estate.  Gas wells require maintenance and potentially require expenditure

of substantial sums for repair or capital improvement. Working interest owners of these wells are not receiving money while these disputes rage. Determining whether to enter an order for relief in the bankruptcy case is preliminary to the other decisions. That determination must be made immediately on risk of losing a substantial asset.

Therefore, the Court will exercise its discretion to conduct a bench trial in two weeks.

SIGNED 09/03/2009.

_Wesley W. Steen_

Wesley W. Steen
United States Bankruptcy Judge