*2011.06.1407*

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NUMBER: |
| | § | |
| WAVE ENERGY, INC. | § | 09-34577-H2-11 |
| | § | (Chapter 11) |
| DEBTOR | § | |

*United States Courts*
*Southern District of Texas*
*FILED*
*JUN 1 3 2011*
*David J. Bradley, Clerk of Court*

## SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

**TO:**   James A. Whitson, Jr., 7660 Woodway, Suite 312 Houston, Texas 77063, and 9572 Doliver Houston, Texas 77093

**[ X ]**   **YOU ARE COMMANDED UNDER RULES 2004 AND 9016 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE** to produce and permit inspection and copying of the following designated books, documents, electronically stored information, and/or tangible things in your possession, custody or control at the place, date, and time specified below (list documents or objects):

## All documents listed on **Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| Zukowski, Bresenhan & Sinex, L.L.P.<br>1177 West Loop South, Suite 1100<br>Houston, Texas 77027 | 9:00 a.m. (CST) on June 29, 2011 |

| ISSUING OFFICER'S SIGNATURE AND TITLE | DATE ISSUED |
|---|---|
| *Matthew R. Reed*<br>Attorney for Robert E. Ogle,<br>Chapter 11 Liquidating Trustee for Wave Energy, Inc. | June 9, 2011 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
|---|---|
| Randy W. Williams<br>Matthew R. Reed<br>B. Ransdell Sawyer<br>THOMPSON & KNIGHT LLP<br>Three Allen Center<br>333 Clay Street, Suite 3300<br>Houston, Texas 77002<br>713-654-8111 | |

**EXHIBIT**
**1**
tabbies®

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | DATE June 9, 2011 @ 3:30 pm | PLACE 7660 Woodway 212 Houston, Tx, 77063 |
| SERVED ON (PRINT NAME) | James A. Whitson Jr, | MANNER OF SERVICE Personal Service |
| SERVED BY (PRINT NAME, ADDRESS AND PHONE NUMBER) | Jayme Chacon 1001 Texas Ave, 1250, Houston, Tx, 77002, 713-227-3353 | TITLE Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:   6 - 9 - 11        _____  *Serial 2516*
                                              SIGNATURE OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

1.      The "3-D Seismic Data" referenced in the "Materials Reviewed" section of your (James A. Whitson, Jr.'s) Expert Witness Report dated May 20, 2011, a copy of which is attached as **Exhibit A-1**.

2.      The "Drilling and Well Files" referenced in the "Materials Reviewed" section of your (James A. Whitson, Jr.'s) Expert Witness Report dated May 20, 2011, a copy of which is attached as **Exhibit A-1**.

3.      The "Correspondence" referenced in the "Materials Reviewed" section of your (James A. Whitson, Jr.'s) Expert Witness Report dated May 20, 2011, a copy of which is attached as **Exhibit A-1**.

4.      The "Deposition Transcripts" referenced in the "Materials Reviewed" section of your (James A. Whitson, Jr.'s) Expert Witness Report dated May 20, 2011, a copy of which is attached as **Exhibit A-1**.

5.      The "Documents Produced in this Litigation" referenced in the "Materials Reviewed" section of your (James A. Whitson, Jr.'s) Expert Witness Report dated May 20, 2011, a copy of which is attached as **Exhibit A-1**.

# EXPERT REPORT

*James A. Whitson, Jr.*

*d/b/a James A. Whitson, Jr. Oil Operators*

**May 20, 2011**



James A. Whitson, Jr.
d/b/a James A. Whitson, Jr. Oil Operators
7660 Woodway Drive, Suite 312
Houston, Texas 77063
713.975.8963
713.963.7139 Facsimile


EXPERT WITNESS REPORT

### I.    EXPERT'S NAME, ADDRESS & PHONE

James A. Whitson, Jr.
d/b/a James A. Whitson, Jr. Oil Operators
7660 Woodway Drive, Suite 312
Houston, Texas 77063
713.975.8963 Phone
713.963.7139 Facsimile

### II.    EDUCATION & PROFESSIONAL EXPERIENCE

See attached resume.

### III.    CAUSE/MATTER DESCRIPTION

*In re Wave Energy, Inc.*; Case No. 09-34577-H2-11; United States Bankruptcy Court, Southern District of Texas – Houston Division;

*In re James A. Whitson, Jr. d/b/a James A. Whitson, Jr. Oil Operators*; Case No. 09-34979-H2-7; United States Bankruptcy Court, Southern District of Texas – Houston Division; and

*James A. Whitson, Jr. v. Delbert E. "Pete" Allen, Jr. et al*; Adversary Proceeding No. 10-03228, United States Bankruptcy Court, Southern District of Texas – Houston Division.

### IV.    SUBJECT MATTER ON WHICH EXPERT WILL TESTIFY

Oil and Gas Operations

### V.    EXPERT'S MENTAL IMPRESSIONS, OPINIONS & BASIS

Under the respective Joint Operating Agreements, all operations conducted in regard to D. Garza Wells No.1, No. 2 and No. 3 and the A. K. Dufrene No. 1 Well were conducted with reasonable prudence, in a good and workmanlike manner, with due diligence and dispatch, in accordance with good oilfield practice, and in compliance with applicable law and regulation.

The rejection damages stated in Whitson Claim No. 37 are correctly calculated based on a monthly overhead fee of $1,179.78 per well and the estimated remaining productive life of the wells. The amounts shown are reduced to a present value using a discount rate of 3.5%.

Based upon relevant geologic, engineering and 3-D seismic data and information obtained during the actual drilling of the A. K. Dufrene No. 1 Well, it was reasonable to expect the Well would be successful.

The basis for these opinions is the background, training and knowledge as reflected in the attached resume and the actual drilling, completion and producing of the subject wells.

## VI.   MATERIALS REVIEWED

1.  3-D Seismic Data
2.  Drilling and Well Files
3.  Correspondence
4.  Deposition Transcripts
5.  Documents Produced in this Litigation

7660 Woodway, Suite 312
Houston, TX 77063

713/975-8963ofc
713/975-7139fax
jawfd@whitsonjr.com

# JAMES A. WHITSON, JR.                    Oil Operator

Age 78(2/21/33). Native and lifelong resident of Houston, TX, and I am in excellent health. Married with two grown children and four grandchildren.

## EDUCATION

Rice University 1956 - BA & BS in Mechanical Engineering

## WORK HISTORY

Spent 7 1/2 years with Stanolind Oil & Gas/Pan American Pet/Amoco as a petroleum engineer handling all phases of drilling, completing and producing operations. Attended reservoir engineering school and did reservoir engineering.

Became an independent and contract operator in 1963 and have performed consulting and contract operations for various parties over the past 10 years.

As an independent and contract operator, I have drilled and operated (90%) 250-300 wells in the Texas/Louisiana Gulf Coast with activities concentrated in South Louisiana for the past 20 years. My experience includes many deep, high pressure; and multiple liner wells in South Louisiana.  I have been a working interest owner in most wells and have had industry partners ranging from the largest majors to the smallest independents.  I personally handle all phases of the operation which include preparing AFE's, location permitting and preparation, prepare drilling prognosis, supervise drilling and completion operations, as well as handle production and accounting operations.  I have managed drilling operations from the Louisiana coastal marshes to Matagorda Bay, Texas and in the Gulf of Mexico.

I have managed contract operations for Marshall Petroleum, Blue Moon Exploration Co., Inc., Gulf Explorer, Prime Operating, Sterling Exploration, Pharis Petroleum, Beta Oil & Gas, Sunbelt Energy, Tabbs Bay Production, Trans Texas Gas Corporation, Twister Exploration, Browning Oil Company, Inc., and Bayshore Exploration. As a contract operator, I carry a full suite of insurance including OEE well control coverage, all of which can be extended to all participating parties.

I am currently drilling one well in Brazoria County and currently operating 6 producing wells, 2 in Louisiana state waters, 2 in Galveston Bay, Texas waters and 2 land wells in Louisiana.  I am currently involved, operating and drilling wells with JL Allen Exploration Ventures, Howard Kiatta, Harbor Resources, Blue Moon Exploration Co., Genesis Producing Co., Aspect Energy/Abundant Investments, and Tornado Properties.